IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH G. LEVY,

Petitioner,

v.                                                    CASE NO. 05-3342-SAC

WARDEN, LANSING CORRECTIONAL
FACILITY, et al.,

Respondents.

### MEMORANDUM AND ORDER

This matter was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). The initial pleading has no caption and does not designate a respondent or defendant. It is entitled "Motion for Writ of Mandamus." Petitioner sent a letter with his pleading which states it must be filed in forma pauperis because he is "totally indigent." The clerk filed a copy of the letter as petitioner's motion for leave to proceed in forma pauperis (Doc. 2). However, the supporting documentation required by 28 U.S.C. 1915 has not been submitted. This court construes Levy's pleadings liberally because he is proceeding pro se, although it cannot act as his advocate. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### FACTUAL BACKGROUND

The several exhibits filed by Levy with his Motion, indicate the following factual background. In a "motion for writ of

mandamus" filed in an Iowa state court, Levy alleged that on May 22, 1998, while residing in Wapello County, Iowa, he was arrested on a charge of sexual misconduct.  The complainant was his half-brother's wife.  He insists the charge was baseless and the complainant lied.  In other exhibits, Levy indicates that a week later, his half-brother and nephew attacked and beat him when they saw him at a hospital receiving asthma treatment.  He was in the custody of Iowa state authorities at the time.  He states he thereafter asked to speak to an agent with the Kansas Bureau of Investigation, and revealed he had "witnessed his half-brother beat a man to death . . . on August 31, 1976, in Kansas City, Kansas."  He said he had not "divulged" the crime for 23 years because he feared his half-brother could be executed.  He claims that to avoid alienating his remaining family, he falsely stated to the agent that he had also struck the victim, which led to the charge against him.  Levy says his half brother gave a statement after his, which "falsely laid the entire murder on (his) shoulders."  On September 2, 1998, both brothers were charged with first degree murder.  Petitioner's exhibits indicate the Iowa sexual misconduct charges were dismissed, without prejudice, on November 24, 1998, with the caveat that the case "may be resumed following unsuccessful prosecution of the Kansas murder charge," which the order noted could lead to life imprisonment were Levy convicted.  He was apparently then relinquished to

Kansas to face the murder charge.  He was convicted, upon his plea, of manslaughter[1]; imprisoned in Kansas; and eventually paroled back to Iowa.  Once there, the Iowa authorities attempted to evaluate him for the sex offender program.  Petitioner's exhibits further suggest that on February 11, 2005 "Kansas agreed with the decision made by the 8th Judicial District's Department of Community Corrections to require the defendant to be evaluated for possible placement in the Sex Offender Treatment program." Levy refused to be tested.  This was found to be a violation of his parole conditions, and his Iowa parole was revoked[2] with the result that he was returned to Kansas.

Back in Kansas, Levy was charged with violating Release Condition #10 Treatment/Counseling (Iowa Condition #9) on or about April 4, 2005, for "refusing to take the polygraph as directed and scheduled" on that date.  He was found guilty of the charge at a revocation hearing held at LCF on May 24, 2005. Parole was revoked, but the Kansas Parole Board decided to re-

_____

[1]     Some time after his Kansas conviction for manslaughter, Levy alleged he had no role in the murder, but struck his brother only in a failed attempt to stop the attack and save the victim.  He claims his brother admitted to other inmates that he alone had committed the murder and falsely blamed petitioner. Petitioner's half brother died 8 days after they were charged with murder, on September 10, 1998.

[2]     A parole violation hearing was conducted by the Board of Parole of the State of Iowa on April 8, 2005.  The findings of fact from that hearing indicate the "parolee did not offer any evidence."  In the "Offender Violation Report," Iowa parole authorities charged Levy with violating Condition #9 - refusing to cooperate "in any treatment/rehabilitation/monitoring program" specified by his supervising officer, because he was served with written notice of polygraph testing at the jail and refused to be tested.  Iowa parole authorities ordered Levy "returned to the sending state (Kansas) pursuant to the Interstate Parole Compact."

parole him "to structured living."

**CLAIMS**

Levy's claim in his 3-page Motion before this court appears to be that his state parole was wrongfully revoked for his refusal to cooperate in his evaluation as a sex offender, and he has a constitutional right to refuse testing and questioning because he meets no criteria for such status.  In the body of the Motion, petitioner alleges he was an inmate in a state prison in Ellsworth, Kansas, when he was conditionally released in December, 2004 to the State of Iowa.  He complains that he was paroled "as a Kansas offender required to register" although he "met no criteria whatsoever to warrant this requirement."  He claims that as a result his conditional release was unjustifiably and unconstitutionally revoked and he was returned to Kansas.  He further alleges that the Kansas Parole Board at their hearing "merely concurred with" the "illegal action" in Iowa.  He states he was to be re-paroled on August 4, 2005, to "Mirror of Topeka." He complains that 2 days prior to his scheduled release, he was told his room at Mirror had been cancelled.  Petitioner further alleges he was "given the Kansas Violent Offender form" and told he must register in Shawnee County upon his arrival in Topeka. He asserts there is no justification whatsoever for requiring him to register in Kansas.  He states he sent documents to the Chief

Administrator of Classification at LCF, who "reversed that ordered illegal registration," and notified the "I.P.O., and Records Office." He asserts he is being illegally detained at LCF, and seeks release from, as well as punitive damages for, his allegedly unlawful confinement since February 25, 2005.

**DISCUSSION**

Under 28 U.S.C. 1915A(a) this court is to initially review a complaint in a civil action in which a prisoner seeks redress from a government entity, official or employee. On review, the court is to dismiss the complaint or any portion thereof that is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. A(b)(1). The court has initially reviewed the pleading and materials filed by petitioner in this action and finds the complaint should be dismissed for failure to state a claim for the following reasons.

Petitioner styles his action as a Motion for Writ of Mandamus. This federal court has no jurisdiction to issue a writ of mandamus to state prison or parole officials. See Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992). The statutory power[3] for a federal court to grant such writs is only against a federal

---

[3]     Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."

officer, employee or agency.  28 U.S.C. 1361; see Amisub (PSL), Inc. v. Colorado Dep't of Soc. Services, 879 F.2d 789, 790 FN 2 (10th Cir. 1989), cert. denied, 496 U.S. 935 (1990).  Even though petitioner fails to name the person or persons he wants this court to mandamus, he seeks redress for actions taken by state authorities[4]: the Iowa and Kansas parole boards and officials at LCF.  Petitioner cannot obtain mandamus relief from these state officials in this court.

The court has liberally construed petitioner's filings to determine whether or not this action should be treated as one which is otherwise cognizable in federal court.  Under the facts indicated from petitioner's filings, this action might conceivably be construed as a request for habeas corpus relief pursuant to 28 U.S.C. 2241, challenging the denial of his parole or failure to execute the order of re-parole; or possibly for injunctive and monetary relief under 42 U.S.C. 1983.

However, even if the initial pleading were construed as a habeas petition or a civil rights complaint, Levy makes no showing whatsoever that he has exhausted either state judicial remedies in the proper state courts or administrative remedies. The statutes governing federal habeas corpus actions provide: "An application for a writ of habeas corpus . . . shall not be

---

[4]     For purposes of filing this action, the court designated Warden, LCF; Kansas Department of Corrections, Kansas Parole Board as respondents.

granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A). The United States Supreme Court has also simply and clearly instructed potential litigants: "before you bring any claims to federal court, be sure that you first have taken each one to state court." Rose v. Lundy, 455 U.S. 509, 520 (1982). Exhaustion of state remedies has long been required even when habeas relief is sought under Section 2241. Furthermore, 42 U.S.C. 1997e(a) mandates, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.; see also Booth v. Churner, 532 U.S. 731 (2001)(Section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). Petitioner has had a prior action filed in this court dismissed on account of his failure to exhaust. Thus, it is presumed he is aware of the exhaustion prerequisite. He does not avoid this requirement simply by styling his action as a Motion for Writ of Mandamus.

The only mention of any relevant administrative remedy or state action pursued by Levy is of one filed in an Iowa court that lacked jurisdiction. In March 2005, Levy filed in the Iowa District Court for Mahaska County "a request for relief from

parole conditions being imposed pursuant to a Kansas criminal conviction." That court found it was without jurisdiction to modify Levy's parole terms and dismissed his "Motion for Writ of Mandamus" without prejudice to Levy re-filing in the court in which his conviction was entered. This court concludes petitioner has not sufficiently alleged exhaustion of state or administrative remedies. The court further concludes that, as a result, this action must be dismissed without prejudice whether treated as a habeas petition or a civil rights complaint.

The court advises petitioner that if he eventually fully exhausts state remedies and files a subsequent federal action, he should request and utilize forms for filing legal actions by prisoners provided by most courts. Complaints, petitions and motions, even those filed pro se by prison inmates, must conform to certain court rules; and petitioner has failed to draft an adequate complaint on his own. Petitioner is further informed that he must name the party or parties from whom he seeks relief in a caption at the top of the first page of his complaint or petition, and specify the type of action or motion he is filing. Each motion filed by him must be sent to the party he is suing at the same time it is submitted to the court, and a certificate declaring he has served all other parties must appear at the end of each of his motions.

Furthermore, in order to proceed in forma pauperis,

petitioner must provide certain financial information[5] to the court within his Motion for Leave to Proceed in forma pauperis. The Clerk of the Court provides forms for this particular motion upon request. Petitioner has filed other actions on court-provided forms, and is presumably aware of their availability and the court's requirements.

The court treats petitioner's claim for release from confinement on re-parole as a petition for writ of habeas corpus, 28 U.S.C. 2241, and dismisses it for failure to exhaust state and administrative remedies. Petitioner's claim for damages is barred until he can demonstrate the challenged parole revocation proceeding has been invalidated or otherwise set aside. See Heck v. Humphrey, 512 U.S. 477 (1995); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). The court denies petitioner's motion for leave to proceed in forma pauperis (Doc. 2) as moot.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is treated as a petition for writ of habeas corpus, 28 U.S.C. 2241, and dismissed, without prejudice; and all relief is denied.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS SO ORDERED.**

_____

[5]     Under 28 U.S.C. 1915(a), a prisoner seeking to bring a civil action without prepayment of fees must submit an affidavit that includes a statement of all assets and an inability to pay as prescribed in 1915(a)(1) and a certified copy of his inmate trust fund account for the 6-month period immediately preceding the filing of his civil action. 28 U.S.C. 1915(a)(2).

Dated this 5th day of October, 2005, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge